UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHERINE A. TOSTENRUDE as personal representative of the ESTATE OF KIRK A. TOSTENRUDE,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY,<br><br>Defendant. | Case No. C19-1573 RSM<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court *sua sponte* on a review of Plaintiff's Complaint. *See* Dkt. #1.

Under 28 U.S.C. § 1404, this Court has discretion to transfer this case in the interests of convenience and justice to another district in which venue would be proper. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Specifically, Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). The purpose of this statute is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and

ORDER TO SHOW CAUSE - 1

expense." *Pedigo Prods., Inc. v. Kimberly-Clark Worldwide, Inc.*, No. 3:12-CV-05502-BHS, 2013 U.S. Dist. LEXIS 12690, 2013 WL 364814, at *2 (W.D. Wash. Jan. 30, 2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)).

In the Ninth Circuit, district courts typically apply a nine-factor balancing test to determine whether to transfer a case under § 1404(a), examining: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, [] (8) the ease of access to sources of proof, and (9) the public policy considerations of the forum state." *Jones*, 211 F.3d at 498-99.

Plaintiff and her late husband appear to have always resided in Spokane County, Washington. Dkt. #1 at 2. Cases arising in that county are heard by the U.S. District Court for the Eastern District of Washington. Defendant Monsanto is a Delaware corporation with its principle place of business in St. Louis, Missouri. *Id.* at 3. The use of Monsanto's product occurred at Plaintiff's home in Spokane County. It is unclear why Plaintiff filed suit in the Western District of Washington. Based on the record before it, the Court believes that this case cannot proceed in this district, can proceed in the Eastern District of Washington, and that it would be most convenient to all parties involved and any potential witnesses for the case to proceed there.

In Response to this Order, Plaintiff must write a short statement telling the Court why this case should or should not be transferred to the Eastern District of Washington. This

ORDER TO SHOW CAUSE - 2

Response may not exceed six (6) pages.  The Court will take no further action in this case until Plaintiff has submitted this Response.

Accordingly, the Court hereby finds and ORDERS that Plaintiff shall file a Response to this Order to Show Cause containing the detail above **no later than twenty-one (21) days from the date of this Order**.  Failure to file this Response will result in transfer of this case.

DATED this 3rd day of October 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 3